NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

-------------------

STATE OF ARIZONA, *Appellee*

*v.*

LARRY LLOYD CARVER, *Appellant.*

No. 1 CA-CR 13-0074
FILED 03/11/2014

-------------------

Appeal from the Superior Court in Maricopa County
No. 2011-007932-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

-------------------

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Advocate's Office, Phoenix
By Consuelo M. Ohanesian
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Margaret H. Downie joined.

**B R O W N**, Judge:

**¶1**        Larry Lloyd Carver appeals his convictions and sentences for first-degree murder, burglary in the first degree, aggravated assault, and attempted first-degree murder.  For the reasons that follow, we affirm.

**¶2**        In December 2006, police officers found H.Q. dead and R.W. seriously injured from gunshot wounds.  *State v. Carver*, 227 Ariz. 438, 439, ¶ 2, 258 P.3d 256, 257 (App. 2011).  The officers arrested Carver after his wife, Cheryl, told them that Carver made incriminating statements to her during their marriage that implicated him in the crimes.  *Id*.

**¶3**        Shortly before Carver's trial, Cheryl invoked the marital communications privilege and refused to testify about Carver's alleged statements to her.  *Id*. at 440, ¶ 3, 258 P.3d at 258.  At the time Cheryl invoked the marital privilege, Arizona Revised Statutes ("A.R.S.") section 13-4062 "provided, in pertinent part, that '[e]ither spouse, at his or her request, but not otherwise, may be examined as a witness for or against the other in a prosecution[.]'" *Carver*, 227 Ariz. at 440, ¶ 3 n. 1, 258 P.3d at 258 n.1.  The State dismissed its case against Carver without prejudice.  *Id.*

**¶4**        After the dismissal, the legislature amended A.R.S. § 13-4062, which now reads as follows:

> A person shall not be examined as a witness in the following cases:

> 1. A husband for or against his wife without her consent, nor a wife for or against her husband without his consent, as to events occurring during the marriage, nor can either, during the marriage or afterwards, without consent of the other, be examined as to any communication made by one to the other during the marriage. . . . Either spouse may be examined as a witness for or against the other in a prosecution for an

offense listed in § 13–706, subsection F, paragraph 1, . . . *if either of the following occurs*:

(a) Before testifying, the testifying spouse makes a voluntary statement to a law enforcement officer during an investigation of the offense or offenses about the events that gave rise to the prosecution or about any statements made to the spouse by the other spouse about those events.

(b) Either spouse requests to testify.

(Emphasis added).[1]

¶5        In December 2009, the State re-filed the murder, burglary, and aggravated assault charges against Carver.  *Carver*, 227 Ariz. at 440, ¶ 6, 258 P.3d at 258.  Carver moved to preclude the State from compelling Cheryl's testimony, arguing the 2009 amendment could not be applied retroactively to communications he made during their marriage and before the amendment.  *Id*.  The trial court granted the motion and the State, after dismissing the case without prejudice, filed an appeal.  *Id*.

¶6        Addressing the 2009 amendment, we held that "the law in effect at the time the evidence is sought by discovery or trial testimony, not the time the offense was committed or communications made, governs the admission of testimony subject to the marital communications privilege."  *Id*. at 442, ¶ 14, 258 P.3d at 260.  Accordingly, because the amendment "became effective before Carver's retrial," the State could compel Cheryl to testify against Carver.  *Id*.  We also concluded that the amendment is procedural, not substantive, in nature and "therefore does not need express legislative statements that it is to be applied retroactively."  *Id*. at 445, ¶ 30, 258 P.3d at 263.

¶7        Following the issuance of our opinion, the State filed a new indictment against Carver, alleging first-degree murder, burglary, aggravated assault, and attempted first-degree murder.  After a twelve-day trial, the jury found Carver guilty on all counts.  The trial court sentenced Carver to a term of natural life on the count of first-degree murder and a total sentence of twenty-one years on the remaining counts,

---

[1]        The exception currently found in (1)(b) existed prior to the amendment.  The 2009 amendment added what is now exception 1(a) and moved the reference to a spouse requesting to testify to exception 1(b).

to be served consecutive to the natural life sentence. Carver timely appealed.

¶8        Carver argues the trial court erred by permitting the State to compel Cheryl's trial testimony because the 2009 legislative amendment to A.R.S. § 13-4062 should not have been applied to his case. This issue, however, was squarely addressed in our prior opinion. *Carver*, 227 Ariz. at 442, ¶ 14, 258 P.3d at 260. Carver had the opportunity to challenge that opinion by filing a petition for review with the supreme court, which he did not do. This court's ruling therefore became the law of the case. *See* Ariz. R. Crim. P. 16.1(d) ("Except for good cause, or as otherwise provided by these rules, an issue previously determined by the court shall not be reconsidered."); *see also State v. King*, 180 Ariz. 268, 278, 883 P.2d 1024, 1034 (1994) (explaining that an appellate decision "is the law of that case on the points presented throughout all the subsequent proceedings") (internal quotation omitted). Carver has not identified any facts or issues that have substantially changed since issuance of our opinion addressing the State's appeal. Because Carver's argument is barred by the law of the case doctrine, we affirm his convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh